UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JINGLE KIDS USA, LLC, JINGLE KIDS PRODUCTION LLC, JINGLE KIDS IP LLC, ORWO STUDIOS LLC, and PVS STUDIOS LLC,<br><br>    Plaintiffs and Counterclaim Defendants,<br><br>-v-<br><br>IN COLOUR CAPITAL INC.,<br><br>    Defendant, Counterclaim Plaintiff, and Third-Party Plaintiff,<br><br>-v-<br><br>JAKE SEAL,<br><br>    Third-Party Defendant. | CIVIL ACTION NO.: 22 Civ. 7089 (JHR) (SLC)<br><br>**ORDER** |

**SARAH L. CAVE,** United States Magistrate Judge.

    Plaintiffs Jingle Kids USA, LLC; Jingle Kids Production LLC; Jingle Kids IP LLC; Orwo Studios LLC; and PVS Studios LLC (collectively, "Plaintiffs") and Third-Party Defendant Jake Seal have filed a motion to consolidate this action, Civil Action No. 22 Civ. 7089 (JHR) (SLC) (the "First Action"), and Civil Action No. 23 Civ. 2697 (CM) (SLC) (the "Second Action," together with the First Action, the "Actions") on the grounds that the Actions "present[] common questions[] [of] fact and law" and that consolidation will promote judicial efficiency. (First Action, ECF No. 65 at 2; see ECF No. 66 at 3 (collectively, the "Motion")). Defendant In Colour Capital Inc. has opposed the Motion. (First Action, ECF No. 67).

Pursuant to Rule 13(a)(1)(D) of this District's Rules for the Division of Business Among District Judges, where a plaintiff believes that "absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the court, parties, or witnesses," at the timing of filing, the plaintiff "shall disclose on the civil cover sheet any contention of relatedness and shall file a Related Case Statement stating clearly and succinctly the basis for the contention." S.D.N.Y. R. for the Div. of Bus. Among Dist. Judges 13(a)(1)(D), 13(b)(1).

Where a plaintiff indicates relatedness on the civil cover sheet, the "case . . . designated as related shall be forwarded to the judge before whom the allegedly related case . . . having the lowest docket number is or was pending, who shall decide whether to accept or reject the case." S.D.N.Y. R. for the Div. of Bus. Among Dist. Judges 13(b)(2). "Civil cases shall not be deemed related merely because they involve common legal issues or the same parties." Id. at 13(a)(2)(A).

Here, Plaintiffs did not designate the Actions as related in the civil cover sheet filed in the Second Action (Second Action, ECF No. 3), and have belatedly—more than two months after they filed the Second Action—filed the Motion. "The related case procedure exists for a reason. This Court cannot order the consolidation of cases that are pending on other judges' dockets. Each judge controls the cases on his or her docket." N.G. v. N.Y.C. Dep't of Educ., No. 21 Civ. 8488 (PGG), 2022 WL 17986202, at *5 (S.D.N.Y. Dec. 29, 2022). Furthermore, "[c]ivil cases shall not be deemed related merely because they involve common legal issues or the same parties." S.D.N.Y. R. for the Div. of Bus. Among Dist. Judges 13(a)(2)(A).

Accordingly, the Motion is DENIED.

The Clerk of Court is respectfully directed to close ECF No. 65.

Dated: New York, New York
July 18, 2023

SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge