UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JINGLE KIDS USA, LLC, JINGLE KIDS PRODUCTION LLC, JINGLE KIDS IP LLC, ORWO STUDIOS LLC, and PVS STUDIOS LLC, | |
| Plaintiffs and Counterclaim Defendants, | 22 Civ. 7089 (JHR) |
| -v.- | <u>MEMORANDUM OPINION & ORDER</u> |
| IN COLOUR CAPITAL INC., | |
| Defendant, Counterclaim Plaintiff, and Third-Party Plaintiff, | |
| -v.- | |
| JAKE SEAL, | |
| Third-Party Defendant. | |

JENNIFER H. REARDEN, District Judge:

On February 3, 2023, Defendant In Colour Capital moved to dismiss Third-Party

Defendant Jake Seal's counterclaims and third-party complaint.  ECF No. 46.  On June 13, 2023,

Mr. Seal withdrew his counterclaims and third-party complaint.  *See* ECF No. 62 (Opp.).

Accordingly, as detailed below, Mr. Seal's claims are dismissed as withdrawn, and Defendant's

motion to dismiss is denied as moot.

## I.      BACKGROUND

On August 19, 2022, Plaintiffs Jingle Kids USA, LLC, Jingle Kids Production LLC,

Jingle Kids IP LLC, Orwo Studios LLC, and PVS Studios LLC initiated this declaratory

judgment action alleging that Defendant's loan to Plaintiffs pursuant to a May 7, 2021 Credit and

Security Agreement ("Credit and Security Agreement") is usurious under New York Penal Law

§ 190.40.  ECF No. 1 (Compl.); *see* ECF No. 8 (Answer), Ex. A (Credit and Security

Agreement).  On October 31, 2022, Defendant answered and asserted counterclaims against Plaintiffs and third-party claims against Mr. Seal for breach of contract and fraudulent inducement.  *See* Answer.  On January 13, 2023, Plaintiffs answered Defendant's counterclaims. ECF No. 45 (Pls.' Answer and Seal Claims).  In that same filing, Mr. Seal asserted counterclaims against Defendant and brought a third-party complaint against Carey and Matthew Kurtin ("the Kurtins"), alleged alter egos of Defendant.  *Id.* at 17-19.[1]  Specifically, Mr. Seal alleges against Carey and Matthew Kurtin, respectively, violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and fraudulent inducement of Plaintiffs' payment of $200,000 under the Credit and Security Agreement.  *Id.*  On February 3, 2023, Defendant moved to dismiss Mr. Seal's counterclaims and third-party complaint.  ECF No. 46.

On February 6, 2023, Plaintiffs moved to amend the Complaint and to add the Kurtins as Defendants.  ECF No. 48.  Their proposed amended complaint, *see id.* Ex. 1 ("Proposed FAC"), asserts claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(b), (c), and (d), and expands their usury claim under New York law.  *See* Proposed FAC.  On February 23, 2023, Magistrate Judge Cave endorsed the parties' proposed briefing schedule on Defendant's motion to dismiss and Plaintiffs' motion for leave to amend. ECF No. 51.  Pursuant to that Order, oppositions to the motion to dismiss and to the motion for leave to amend, respectively, were due March 22, 2023, with any replies due April 25, 2023.  *Id.* Nevertheless, no opposition to the motion to dismiss was filed by the March 22, 2023 deadline.

---

[1] Plaintiffs' Answer and the Seal Claims were filed by attorney Paul Sigelman, who is counsel of record for Plaintiffs and Mr. Seal.  Mr. Sigelman identifies himself as "Counsel for *Plaintiffs*" in the pleading asserting Plaintiffs' Answer and the Seal Claims and in opposition to the instant motion to dismiss.  However, on ECF, these filings are identified as having been made on behalf of both *Plaintiffs and Mr. Seal*.  *See* Pls.' Answer and Seal Claims 20 (emphasis added); Opp. 4 (emphasis added).

On June 13, 2023, without seeking leave of Court or providing any explanation or excuse for their delay, Plaintiffs and Mr. Seal filed an opposition to the motion to dismiss nearly three months late. *See* Opp.

## II.   DISCUSSION

As an initial matter, where a party belatedly responds to a motion—and especially where, as here, the party is represented by counsel, counsel fails to provide a reason for the delay, and the delay amounts to nearly three months—the Court may exercise its discretion to disregard any arguments in the untimely filing. *See, e.g.*, *Titus-Phillips v. British Airways PLC*, No. 20 Civ. 5100 (EK) (SJB), 2022 WL 1177306, at *1, *4 (E.D.N.Y. Apr. 20, 2022) (disregarding opposition to motion for leave to amend filed six days late and "deem[ing] motion unopposed"); *Interglobo Customs Broker, Inc. v. Herschel Imports, Inc.*, No. 14 Civ. 4995 (KNF), 2015 WL 3756799, at *4 (S.D.N.Y. June 5, 2015) (rejecting as "untimely" defendant's summary judgment opposition filed approximately two weeks late without explanation). Accordingly, the Court could simply decline to consider Plaintiffs' and Mr. Seal's opposition and treat the motion to dismiss as unopposed.

The Court need not do so, however, as the opposition makes clear that Mr. Seal has withdrawn his counterclaims against Defendant and the third-party complaint against the Kurtins. *See* Opp. 1 (arguing that the Proposed FAC "covers and cures the issues which Defendant . . . alleged as the grounds for dismissal."). With respect to the FDCPA claim in particular, Plaintiffs and Mr. Seal assert that the Proposed FAC "withdraws that claim and in its place asserts against [the Kurtins], RICO claims." *Id.* at 2. In response to Defendant's argument that Mr. Seal "has no standing to bring individual claims," Plaintiffs and Mr. Seal state that "*Plaintiffs* have proceeded by way of amended complaint adding . . . the Kurtins, as direct

Defendant[s] of the Plaintiffs' companies themselves (i.e. not as Defendants of 'JAKE SEAL')."
*Id.* (emphasis added).

Courts have previously dismissed claims as withdrawn where parties made similar
assertions in response to a motion to dismiss. *See*, *e.g.*, *Smith v. City of New York*, No. 14 Civ.
4982, 2015 WL 4008642, at *1-2 (E.D.N.Y. June 30, 2015) (dismissing withdrawn claims and
counterclaims, rendering motions to dismiss such claims moot); *see also Zoulas v. N.Y.C. Dep't
of Ed.*, 400 F. Supp. 3d 25, 46-47 (S.D.N.Y. 2019) (dismissing claims plaintiff "expressly
abandoned" in response to motion to dismiss); *Lopez v. Constantine*, No. 94 Civ. 5921 (DAB)
(SEG), 1997 WL 337510, at *1 (S.D.N.Y. June 18, 1997) (plaintiff withdrew claims in untimely
"opposition" to motion to dismiss where he "conceded that his Title VII claims against the
individual defendants should be dismissed but asserted that his other claims were still viable").

Defendant asserts that Plaintiffs and Mr. Seal "appear to be confused about" whether Mr.
Seal's counterclaims and third-party complaint—brought in the same filing as Plaintiffs' Answer
to Defendant's counterclaims, *see* Pls.' Answer and Seal Claims—are on behalf of Mr. Seal or
Plaintiffs.  ECF No. 47 (Def.'s Br.) at 11; *see id.* (citing Pls.' Answer and Seal Claims 19 ¶¶ 6, 8)
(stating that the counterclaims and third-party complaint "refer to [Plaintiffs] as purportedly
relying on unspecified representations and suffering unspecified damages in the same pleading,
and the prayer for relief seeks purported fraud damages for [Plaintiffs]," without mentioning Mr.
Seal).[2]  These pleadings are properly attributed to Mr. Seal.  The counterclaims and third-party

---

[2] Defendant further argues that, "unless [Mr. Seal] is judicially admitting that he is the alter ego
of [Plaintiffs], he has no standing to assert individual claims against [Defendant] (or the Kurtins)
for [Defendant's] efforts to obtain repayment of [Plaintiffs'] commercial debt."  Def.'s Br. 2.
Because Mr. Seal's claims were withdrawn, the Court need not determine whether Mr. Seal's
counterclaims and third-party complaint improperly seek relief on Plaintiffs' behalf.  *See Jacoby
& Meyers, LLP v. Presiding Justs. of the First, Second, Third & Fourth Dep'ts, App. Div. of the
Sup. Ct. of N.Y.*, 852 F.3d 178, 189 n.7 (2d Cir. 2017) (stating that the court, which affirmed

complaint are separated from Plaintiffs' Answer and affirmative defenses, under a header that reads "JAKE SEAL COUNTERCLAIM AND THIRD-PARTY COMPLAINT." Pls.' Answer and Seal Claims 17.  Immediately below that header, the first paragraph reads, "JAKE SEAL, for a counterclaim against IN COLOUR CAPITAL INC., CAREY KURTIN, and MATTHEW KURTIN, pleads as follows." *Id.* ¶ 1.  Thus, the counterclaims and third-party complaint are made on behalf of, and may be withdrawn by, Mr. Seal.

### III.  CONCLUSION

For the foregoing reasons, Mr. Seal's counterclaims and third-party complaint (ECF No. 45) are dismissed without prejudice, and Defendant's motion to dismiss (ECF No. 46) is DENIED as moot.

The Clerk of Court is directed to terminate ECF No. 46.

SO ORDERED.

Dated: September 30, 2023
New York, New York

JENNIFER H. REARDEN
United States District Judge

---

dismissal of claims on other grounds, "need not decide" whether plaintiffs could assert rights of third parties, "because limitations on third-party standing are prudential, not constitutional").