UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JINGLE KIDS USA, LLC, JINGLE KIDS PRODUCTION LLC, JINGLE KIDS IP LLC, ORWO STUDIOS LLC, and PVS STUDIOS LLC,<br><br>        Plaintiffs and Counterclaim Defendants,<br><br>        -v.-<br><br>IN COLOUR CAPITAL INC.,<br><br>        Defendant, Counterclaim Plaintiff, and Third-Party Plaintiff,<br><br>        -v.-<br><br>JAKE SEAL,<br><br>        Third-Party Defendant. | 22 Civ. 7089 (JHR) (SLC)<br><br><u>ORDER ADOPTING REPORT AND RECOMMENDATION</u> |

JENNIFER H. REARDEN, District Judge:

      Plaintiffs Jingle Kids USA, LLC, Jingle Kids Production LLC, Jingle Kids IP LLC, Orwo Studios LLC, and PVS Studios LLC bring this declaratory judgment action alleging that Defendant In Colour Capital Inc.'s loan to Plaintiffs pursuant to a May 7, 2021 Credit and Security Agreement is usurious under New York Penal Law § 190.40.  ECF No. 1 (Compl.); *see* ECF No. 8 (Answer), Ex. A (Credit and Security Agreement).  Before the Court is the June 6, 2023 Report and Recommendation of Magistrate Judge Sarah L. Cave recommending that the Court deny Plaintiffs' motion for leave to amend the Complaint.  ECF No. 61.  The Court has examined the Report and Recommendation, to which no objections have been filed.  For the reasons stated below, the Court finds no clear error in the Report and Recommendation and adopts it in full.

## BACKGROUND

On February 6, 2023, Plaintiffs moved to amend the Complaint and to add Carey and Matthew Kurtin ("the Kurtins") as Defendants. ECF No. 48. Their proposed amended complaint, *see id.* Ex. 1 ("Proposed FAC"), asserts claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(b), (c), and (d), and expands their usury claim under New York law. See Proposed FAC.[1] On June 6, 2023, Judge Cave issued a Report and Recommendation recommending denial of Plaintiffs' motion for leave to amend. ECF No. 61.[2] In the Report and Recommendation, Judge Cave noted that "Plaintiffs did not file a reply in further support of their Motion," which had been due on April 25, 2023. *Id.* at 6; *see* ECF No. 51.

The Report and Recommendation notified the parties that they had "fourteen (14) days . . . from service of th[e] Report and Recommendation"—until June 20, 2023—to file any objections. *See* ECF No. 61 at 26. The Report and Recommendation also cautioned that failure to timely file objections would result in waiving the right to object. *See id.* In addition, the Report and Recommendation expressly called Plaintiffs' attention to Rule 72 of the Federal Rules of Civil Procedure (governing pretrial orders issued by magistrate judges) and 28 U.S.C. §

---

[1] Plaintiffs filed two motions for leave to amend, at ECF Nos. 48 and 49, respectively. ECF No. 48 attaches as Exhibit 1 the Proposed FAC, whereas ECF No. 49 attaches as Exhibits A and B excerpts from the May 7, 2021 Credit and Security Agreement and a transmittal from Defendant dated November 10, 2022. In all other respects, the motions appear to be identical.

[2] The Court refers to its September 30, 2023 Memorandum Opinion and Order dismissing Third-Party Defendant Jake Seal's counterclaims and third-party complaint and denying Defendant's motion to dismiss, as well as Judge Cave's Report and Recommendation, *see* ECF No. 61, for additional factual and procedural background.

636(b)(1) (governing the jurisdiction of magistrate judges), both of which detail procedures for objecting to the Report and Recommendation. *See id.*

Nevertheless, as of the date of this Order, no objections have been filed, and no request for an extension of time to object has been made. However, on June 13, 2023—nearly two months late, and after Judge Cave had issued the Report and Recommendation— Plaintiffs filed a reply in further support of the motion for leave to amend. ECF No. 64. They did so without seeking leave of the Court or providing any explanation or excuse for their delay.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In addition, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) (quoting *Kartm v. N.Y.C. Health & Hosp. Corp.*, No. 17 Civ. 6888 (AT), 2020 WL 2999228, at *3 (S.D.N.Y. June 4, 2020)).

With respect to a report or to the portions thereof as to which no timely objection has been made, however, "a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). The clearly erroneous standard

3

also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002); *see, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

Despite a direct warning that failing to file objections to the Report and Recommendation would result in a waiver of judicial review, Plaintiffs failed to file any such objections by the June 20, 2023 deadline. Thus, Plaintiffs have waived the right to judicial review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604-05 (2d Cir. 2008). The Court does not consider any arguments or assertions in Plaintiffs' untimely reply in further support of their motion for leave to amend to be "objections" to the Report and Recommendation. As an initial matter, the reply brief does not even mention the Report and Recommendation, much less raise any objections thereto. *See* ECF No. 64; *Mario*, 313 F.3d at 766 (holding that plaintiff's "bare statement, devoid of any reference to specific findings or recommendations [in the magistrate judge's report and recommendation] to which he objected and why . . . was not sufficient to preserve" his claim).

Although the reply brief notes Plaintiffs' motion, "referring the court to previously filed papers or arguments does not constitute an adequate objection" to a report and recommendation. *Mario*, 313 F.3d at 766. In addition, the Court does not deem any of Plaintiffs' "new arguments and factual assertions" to be objections. *Piligian*, 490 F. Supp. 3d at 716. "If the Court were to consider formally these untimely contentions, it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments." *Abu-Nassar v. Elders Futures, Inc.*, No. 88 Civ. 7906 (PKL), 1994 WL 445638, at *4 n.2 (S.D.N.Y. Aug. 17, 1994).

"Accordingly, the Court has given these untimely . . . submissions no consideration." *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov.

23, 2011).  Notwithstanding Plaintiffs' waiver, the Court has closely reviewed their motion and the Report and Recommendation and, unguided by objections, finds the Report and Recommendation to be well reasoned and grounded in fact and law.  Therefore, the Report and Recommendation is adopted in its entirety.

The Clerk of Court is directed to terminate ECF Nos. 48 and 49.

SO ORDERED.

Dated: September 30, 2023
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge