UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JINGLE KIDS USA, LLC et al.,

                Plaintiffs and
                Counterclaim
                Defendants,

        -v.-

IN COLOUR CAPITAL INC.,

                Defendant,
                Counterclaim
                Plaintiff, and
                Third-Party
                Plaintiff,

JAKE SEAL,

                Third-Party
                Defendant,

22 Civ. 7089 (JHR) (SLC)

ORDER ADOPTING REPORT
AND RECOMMENDATION

JENNIFER H. REARDEN, District Judge:

On October 31, 2024, Defendant, Counterclaim-Plaintiff, and Third-Party Plaintiff In Colour Capital Inc. ("In Colour") moved to enforce a settlement agreement (the "Agreement") and for sanctions against Plaintiffs and Counterclaim Defendants Jingle Kids USA, LLC, Jingle Kids Production LLC, Jingle Kids IP LLC, ORWO Studios LLC, and PVS Studios LLC (collectively, "Jingle Kids"), as well as ORWO Properties LLC and Counterclaim Defendant and Third-Party Plaintiff Jake Seal ("Seal," and collectively with Jingle Kids, the "Seal Parties"). ECF No. 115. Before the Court is the Report and Recommendation of Magistrate Judge Sarah L. Cave, ECF No. 120, recommending that In Colour's motion to enforce the Agreement be granted and that In Colour's request for sanctions be denied. ECF No. 120 at 18. The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and ADOPTS Judge Cave's recommendation.

**BACKGROUND**[1]

On August 19, 2022, Jingle Kids initiated this action alleging that In Colour's loan to Jingle Kids pursuant to a May 7, 2021 Credit and Security Agreement (the "Credit and Security Agreement") was usurious under New York Penal Law § 190.40.  ECF No. 1 (Compl.).  On October 31, 2022, In Colour answered and asserted counterclaims against Jingle Kids and third-party claims against Seal for breach of contract and fraudulent inducement.  ECF No. 8.  On January 13, 2023, Jingle Kids answered In Colour's counterclaims.  ECF No. 45.  In that same filing, Seal asserted counterclaims against In Colour and brought a third-party complaint against Carey and Matthew Kurtin (the "Kurtins"), alleged alter egos of In Colour.  *Id*. at 17-19.  Specifically, Seal avers against Carey and Matthew Kurtin, respectively, violation of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692, and fraudulent inducement of Jingle Kids' payment of $200,000 under the Credit and Security Agreement.  *Id*.  On February 3, 2023, In Colour moved to dismiss Seal's counterclaims and third-party complaint.  ECF No. 46.

On February 6, 2023, Jingle Kids moved to amend the Complaint to add the Kurtins as Defendants.  ECF No. 48.  Their proposed amended complaint, *see id*., asserts claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(b), (c), and (d), and expands their usury claim under New York law.  *Id*.  On February 23, 2023, Judge Cave endorsed the parties' proposed schedule for briefing In Colour's motion to dismiss and Jingle

---

[1] Familiarity with the facts, which are set forth in detail in the Report and Recommendation and in several prior decisions of this Court, is assumed.  *See* ECF No. 120; *Jingle Kids USA, LLC v. In Colour Capital Inc.*, No. 22 Civ. 7089 (JHR) (SLC), 2024 WL 3677934, at *1-2 (S.D.N.Y. July 25, 2024); *Jingle Kids USA LLC v. In Colour Capital Inc.*, No. 22 Civ. 7089 (JHR), 2023 WL 6392725, at *1–2 (S.D.N.Y. Oct. 2, 2023) (dismissing Seal's counterclaims and denying In Colour's motion to dismiss as moot); *Jingle Kids USA, LLC v. In Colour Capital Inc.*, No. 22 Civ. 7089 (JHR) (SLC), 2023 WL 6389080, at *1 (S.D.N.Y. Oct. 2, 2023), *adopting* 2023 WL 5016496 (S.D.N.Y. June 6, 2023) (recommending denial of Seal Parties' motion to amend).

2

Kids' motion for leave to amend.  ECF No. 51.  In March 2023, Jingle Kids filed a second action against In Colour, the Kurtins, and another individual based on the same Loan.  *Orwo Studios LLC v. In Colour Capital Inc., et al.*, No. 23 Civ. 2697 (CM) (the "Orwo Action").  This Court—as well as the Honorable Colleen McMahon, to whom the Orwo Action was assigned—denied Jingle Kids' motion to consolidate the two cases.  ECF No. 68; Orwo Action ECF No. 21.

After In Colour moved to dismiss the Seal Counterclaims and Seal Third-Party Claims, ECF No. 46, Jingle Kids sought leave to file a first amended complaint, which purported to add the Kurtins as defendants and assert new claims.  ECF No. 48.  On June 6, 2023, Judge Cave issued a Report and Recommendation recommending denial of Jingle Kids' motion for leave to amend as futile, on the grounds that the Court lacked personal jurisdiction over the Kurtins and that Jingle Kids had failed to adequately allege the new claims in the first amended complaint.  ECF No. 61.  Jingle Kids lodged no objections to these recommendations, and on September 30, 2023, the Court adopted them and denied the motion for leave to amend.  *See* ECF No. 80.  The same day, the Court dismissed the Seal Counterclaims and the Seal Third-Party Claims as withdrawn, *see* ECF No. 62, and denied In Colour's motion to dismiss as moot. ECF No. 79 at 1.

The initial case management plan set a fact discovery deadline of March 15, 2023, which the parties did not meet.  ECF No. 16.  As the Report and Recommendation explains, "the Seal Parties were lax in complying with their discovery obligations, leading to In Colour's requests to move to compel, multiple discovery conferences with the Court—at one of which the Seal Parties failed to appear—and four extensions of the fact discovery deadline."  ECF No. 120 at 4 (citing ECF Nos. 42, 43, 58, 60, 71, 72, 78, and 85; ECF min. entry dated Sept. 7, 2023; ECF min. entry dated Sept. 27, 2023).

On January 17, 2024, Judge Cave held a settlement conference.  *See* ECF No. 87.  On January 19, 2024, Judge Cave issued an Order stating that, "following the settlement conference, the Court [was] advised that the parties ha[d] settled th[e] case in principle," and directing that, "by February 19, 2024, the parties . . . file a stipulation of dismissal."  *Id.*  A few days later, the Seal Parties' counsel informed Judge McMahon that the parties had "arrived at a settlement of both cases[,]" and that In Colour's counsel was drafting "the mutual release and related matters."  Orwo Action ECF No. 41.  Judge McMahon promptly dismissed the Orwo Action, "without prejudice to the right to reopen the action within thirty days . . . if the settlement is not consummated."  Orwo Action ECF No. 42.  No party has since moved to reopen the Orwo Action.

On February 16, 2024, In Colour sought an extension of the deadline to file a stipulation of dismissal of this action, stating that "[t]he parties are continuing their discussions of a proposed settlement of this matter and need additional time to negotiate and finalize the terms of a proposed agreement."  ECF No. 88.  The Court extended the deadline to March 20, 2024 and then to April 19, 2024 at the parties' request.  ECF Nos. 88-91.  On April 19, 2024, the parties requested yet another extension of the deadline to submit a stipulation of dismissal, stating that "[Jingle Kids]' counsel has indicated that, because Jake Seal has been overseas, Mr. Seal has not been able to obtain necessary information for the proposed settlement[]" and requesting a conference in which Seal would be required "to attempt to finalize the settlement."  ECF No. 92. By Order dated April 22, 2024, the Court extended the deadline to May 17, 2024 and scheduled a telephone conference for May 9, 2024 in which Seal was required to participate.  ECF No. 93 (Apr. 22 Order) ("In addition to all parties' counsel, Jake Seal shall attend the conference."). Notwithstanding this Order, Seal failed to attend the conference, without explanation or excuse.

On May 9, 2024, the Court ordered Seal, by May 16, 2024, to provide In Colour with "information about the properties within the United States that are designated as collateral under the proposed settlement agreement."  ECF No. 94.

Seal failed to comply with the May 9 Order, ECF No. 95, so the Court directed him to appear at an in-person hearing on June 26, 2024 (the "OTSC Hearing") to show cause why an order should not issue sanctioning him for failing to comply with the April 22 and May 9 Orders. ECF No. 96.  Seal asked permission to appear at the OTSC Hearing by Zoom, ECF No. 97.  The Court denied the request, noting that "an in-person conference is necessary to achieve a meeting of the minds on all material terms of the parties' Agreement for a complete resolution of this matter."  ECF No. 100.  The Court gave Seal an alternative: filing proof, by June 21, 2024, "that he ha[d] placed the settlement payment under the Agreement into an escrow account, to be released, along with the escrowed signatures to the Agreement, by July 1, 2024."  *Id*.  Seal again asked to participate in the OTSC Hearing by Zoom.  ECF No. 101.  The Court denied that request but adjourned the OTSC Hearing to July 25, 2024.  ECF No. 102.

Seal appeared in person at the OTSC Hearing, and the parties engaged in further discussions.  ECF No. 106.  Judge Cave deemed the OTSC satisfied.  *Id.*.  Ultimately, though, the discussions again proved fruitless, and on August 8, 2024, In Colour sought leave to move to enforce the Agreement and for sanctions.  *See* ECF Nos. 107, 108, and 109.  On August 12, 2024, Judge Cave directed the parties to meet and confer and file a joint letter by August 16, 2024, reporting on the status of their settlement efforts.  ECF No. 110.  On August 16, 2024, the parties filed a letter in which they agreed that "the material terms of a settlement agreement" had been reached and that they did not need a conference with Judge Cave, although the Seal Parties suggested that it was "for the [C]ourt to determinatively affirm exactly what the terms of

settlement were and to approve same prior to payment to In Colour." ECF No. 111; *see* ECF No. 120 at 8 (characterizing this suggestion as "odd[]"). Judge Cave set a final deadline of September 17, 2024 for the parties to file a stipulation of dismissal, failing which In Color would be permitted to move for sanctions and to enforce the Agreement. ECF No. 112.

Behind the scenes, the parties apparently made some effort to finalize the Agreement. On September 16, 2024, the Seal Parties' counsel told In Colour's counsel that he was only "awaiting confirmation" that the settlement payment would be sent by the next day, pending the outcome of "a finance meeting . . . one of whose objectives was to action payment [sic] in relation to the settlement." ECF No. 117-8 at 1. Although the payment deadline passed, the Seal Parties' counsel represented that "financing" for the settlement "was close to being completed[,]" and that $400,000 of the financing was "ear marked [sic] to pay down the In Colour settlement." ECF No. 117-9 at 1-2. He acknowledged that In Colour "ha[d] been extremely patient" and expressed "[t]he Seal [P]arties['] regret for the unforeseen delays." ECF No. 117-9 at 2.

The September 17, 2024 deadline to file a stipulation of dismissal nevertheless passed without fulfillment. On October 31, 2024, In Colour filed the instant motion asking the Court to enforce the Agreement and award sanctions of attorneys' fees and costs incurred since January 17, 2024. ECF Nos. 115, 116, and 117. In Colour seeks a judgment in the amount of $450,000 against the Seal Parties and ORWO Properties LLC, jointly and severally. ECF No. 116 at 28. The Seal Parties have not responded to the motion. On January 7, 2025, Judge Cave issued a Report and Recommendation that In Colour's motion to enforce the Agreement against the Seal Parties be granted and that In Colour's request for sanctions be denied. ECF No. 120 at 18.

The Report and Recommendation notified the parties that they had "fourteen (14) days . . . to file written objections." *Id.* at 20. The Report and Recommendation further cautioned that:

6

**"FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW**." *Id*. In addition, the Report and Recommendation expressly called the parties' attention to Rule 72 of the Federal Rules of Civil Procedure (governing pretrial orders issued by magistrate judges) and 28 U.S.C. § 636(b)(1) (governing the jurisdiction of magistrate judges), both of which detail procedures for objecting to the Report and Recommendation. *See id*. No objections have been filed, nor has any extension of time to file objections been requested.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp.*, No. 24-1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025). With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Marketing, Inc.*, No. 19 Civ. 03363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023). A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

Notwithstanding a direct warning that a failure to file objections would preclude appellate review, ECF No. 120 at 20, the parties did not file any objections to the Report and

7

Recommendation.  Thus, the parties waived their right to judicial review.  *See Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025) (citing *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.") (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).  The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error.  The Report and Recommendation is "well-reasoned and grounded in fact and law." *Fredricks*, 2025 WL 1018870, at *1.  Accordingly, the Report and Recommendation is ADOPTED in its entirety.

The Clerk of Court is directed to terminate all pending motions and close the case.

SO ORDERED.

Dated: March 31, 2026
       New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

8